NO. 07-08-0374-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 12, 2010
_____

RAMON M. DELCAMPO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO.  A17410-0710; HON. ROBERT W. KINKAID, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ramon M. DelCampo (appellant) appeals his conviction for driving while intoxicated. He challenges both the legal and factual sufficiency of the evidence supporting the jury's verdict.  We affirm the judgment.

### Background

Officer Amos Rodriguez testified that on February 26, 2007, he observed appellant driving a Chevy pickup with a defective license plate light.  When directed to stop, appellant

did not pull over or off the street but rather stopped in the street and blocked traffic. Furthermore, appellant did not roll his window down when the officer began talking to him. Rather, he spoke through the raised window "really fast."[1]  At that point, the officer opened the car door to advise appellant that he needed to pull off of the roadway.  In response, appellant asked if "the guy was still hitched on the back of his tail gate?"  No one was in the back of the truck or on the tailgate, according to Rodriguez.

Appellant eventually pulled his car into a nearby parking lot at Rodriguez' direction. When the officer again approached the vehicle, appellant opened his door and turned his body towards Rodriguez.  In response to being asked where he was going, appellant replied "work."  In response to being asked where he worked, appellant mentioned the name of a local beef processing plant.  Rodriguez thought the latter response odd because appellant was actually traveling in a direction away from that location.

Appellant then again asked about the man who had been "hitched" to the back of his truck.  The man to whom he referred apparently was a fellow employee against whom appellant had filed a grievance.  Appellant told Rodriguez that this individual was not only watching him from atop the roof of the house adjacent to that of his father but also that he was actually telling the officer what to do with appellant via the officer's cell phone.  This same individual was also watching them from nearby railroad tracks, according to appellant.  Needless to say, Officer Rodriguez saw or heard no one doing that suggested by appellant.

---

[1]At trial, appellant admitted having a propensity to talk fast after he ingested cocaine.

2

Rodriguez subsequently asked appellant to undergo various field sobriety tests. While appellant may have performed some well, others were not completed with much success. For instance, appellant swayed at times, recited the alphabet out of sequence, and periodically had difficulty maintaining his balance. During this period, appellant denied ingesting alcohol but admitted to having taken cocaine several hours earlier. Moreover, an eventual search of his vehicle led to the discovery of three crack pipes.

Both Rodriguez and another officer who arrived on the scene concluded that appellant was intoxicated. And, they so opined to a jury at trial and without objection. So too did the jurors hear testimony from a forensic scientist with the Texas Department of Public Safety Crime Laboratory describing how appellant's blood sample contained small quantities of cocaine. This same witness also told the jury not only that confusion, disorientation, delusions and hallucinations were symptoms of cocaine use but also that someone experiencing those symptoms should not be operating a vehicle.

### *Issues - Sufficiency of the Evidence*

As previously alluded to, appellant believes that the evidence supporting his conviction was both legally and factually insufficient. We overrule the issues.

The pertinent standards of review are discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Next, through its indictment, the State charged appellant with operating a motor vehicle in a public place while "intoxicated by not having the normal use of mental or physical faculties by reason of introduction of alcohol into the body, a controlled substance,

3

a drug or a dangerous drug in the body." The jury charge tracked the accusation in the indictment and the jury concluded that appellant was guilty as charged.

As described in the recitation of evidence above, appellant admitted to having ingested cocaine and described how taking that drug caused him to speak rapidly. Furthermore, Officer Rodriguez related how appellant was speaking quite fast at the time of the stop. To that we have the evidence of appellant's hallucinations about people being "hitched" to his truck, spying on them or telling the officer what to do, appellant's disorientation or confusion regarding his destination, the location at which appellant initially stopped, and the testimony about how ingesting cocaine can cause hallucinations, confusion and paranoia. Together, it is some evidence upon which a rational jury could conclude beyond reasonable doubt that appellant drove his vehicle while intoxicated by the ingestion of a controlled substance.

That appellant had no trace of alcohol in his blood means nothing, contrary to appellant's argument. This is so because the indictment did not restrict the jury to finding his physical or mental faculties altered due to the use of that one substance. Instead, the jurors were authorized by the indictment and charge to also convict if his intoxication resulted from the ingestion of drugs like cocaine. That appellant may have satisfactorily performed some field sobriety tests is also of little moment. One can be intoxicated if either his mental or physical faculties are affected. Both need not be impaired. So, while ingesting cocaine may not have altered appellant's motor skills to a high degree, the jury here was certainly free to conclude from the evidence that it impaired his mental faculties. And, it may well be that appellant proffered excuses for his conduct unrelated to ingesting cocaine; yet, that evidence simply raised questions of fact for the jury to resolve. And,

4

upon viewing the entirety of the evidence, we cannot say that the manner in which the jury resolved those questions was against the greater weight of the evidence, was founded on weak evidence, or evinced manifest injustice. Accordingly, the evidence supporting appellant's guilt was both legally and factually sufficient.

The judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.